IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

WILLIAM ALLEN ARNOLD,                  *

     Plaintiff,                        *

vs.                                    *
                                              CASE NO. 4:09-cv-151 (CDL)
CITY OF COLUMBUS, GEORGIA,;            *
MUSCOGEE COUNTY, GEORGIA; and
STATE OF GEORGIA                       *

     Defendants.                       *

_____

O R D E R

Presently pending before the Court are the following motions: Defendant State of Georgia's ("Georgia") Motion for More Definite Statement (Doc. 14) and Defendant Columbus Consolidated Government's ("Columbus") Motion to Strike and/or for a More Definite Statement (Doc. 16).[1] Defendants contend that Plaintiff's *pro se* First Amended Original Complaint ("Complaint") is so vague and ambiguous that Defendants cannot properly prepare a responsive pleading. Columbus also contends that the Complaint contains immaterial and/or impertinent allegations that should be stricken from the Complaint or clarified by Plaintiff. Accordingly, Defendants request that the Court order Plaintiff to provide a more definite statement of the alleged violations. For the reasons set forth below, Defendants'

_____

[1]The Columbus Consolidated Government is comprised of both Muscogee County and the City of Columbus.

motions are granted, and Plaintiff is ordered to file a restated
Complaint on or before May 28, 2010.

BACKGROUND

According to Plaintiff's Complaint, Plaintiff was pulled over
and arrested by a "motorcycle patrolman." (1st Am. Original Compl.
¶¶ 6-18 [hereinafter Compl.].) The patrolman took Plaintiff to the
Muscogee County Jail. (*Id.* ¶ 19.) Plaintiff's Complaint recounts
the details of his arrest, detention, and the subsequent criminal
proceedings. (*Id.* ¶¶ 6-79.) As both Defendants note, Plaintiff
appears to make claims under 42 U.S.C. § 1983 ("§ 1983") based on the
arrest, detention, and prosecution. (*Id.* ¶¶ 112-126 (appearing to
make claim for false arrest); ¶¶ 127-131 (appearing to make claim for
malicious prosecution).) However, the Complaint does not describe
where the initial events giving rise to the Complaint occurred, and
it does not describe with particularity how each Defendant was
involved in the alleged wrongs.[2]

Plaintiff's Complaint also contains allegations related to a
"transportation scam" between Columbus and Georgia, "[c]ompelled
commerce via *in terrorem* of criminal sanctions," "and [c]ompelled
political/religious affiliation via *in terrorem* of criminal

---

[2]Georgia also asserts that the Complaint does not provide pertinent
factual information regarding Plaintiff's claims, such as the dates on
which the alleged events occurred, but the Complaint does contain dates in
the "Here's what happened" section. (*See* Compl. ¶¶ 6-79.)

sanctions." (Compl. ¶¶ 80, 90, 96, 99-110.) Though these allegations are vague and difficult to understand, it appears that Plaintiff may be contending that neither Columbus nor Georgia may legally require him to obtain a driver's license. It is not clear from the present Complaint how or if these allegations relate to Plaintiff's § 1983 claims for false arrest and malicious prosecution, and the Court cannot discern whether Plaintiff makes any additional claims based on these allegations. In addition to the claims regarding transportation, compelled commerce, and compelled affiliation, the Complaint contains certain allegations related to the maintenance of judicial records. (Compl. ¶¶ 81-84.) These allegations are also vague, and the Court cannot discern how or if they relate to Plaintiff's § 1983 claims for false arrest and malicious prosecution or whether Plaintiff makes any additional claims based on these allegations.

In addition to the issues discussed above, the Complaint appears to seek a temporary restraining order and/or preliminary injunction related to "the state court proceeding." (*Id.* ¶¶ 84-96.) However, is not clear from the Complaint what, if any, "state court proceeding" is presently pending. The Complaint further seeks equitable relief, requesting that Defendants "be enjoined from interfering with [his] right to travel[,] from interfering with him as a means of extortion to get him to engage in transportation in

3

'this state' against his own desire and discretion[, and] from criminally violating him as a means of extortion to get him to become a member of 'church of STATE OF GEORGIA.'" (*Id.* ¶ 111.) The precise focus of Plaintiff's request for equitable relief is not clear, but it may be related to his apparent claims that Columbus and Georgia may not legally require Plaintiff to obtain a driver's license.

DISCUSSION

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint must give fair notice of what the plaintiff's claims are and the grounds upon which the claim rests. *Id.* at 1961. Though detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Here, Plaintiff's Complaint is a "shotgun" pleading that makes it difficult to discern what claims for relief Plaintiff is making,

4

which factual allegations are intended to support each claim for relief, and which claims relate to which Defendant. A defendant faced with a shotgun complaint such as Plaintiff's "is not expected to frame a responsive pleading" because it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). Accordingly, the Court concludes that it is appropriate to order Plaintiff to restate his Complaint so that Defendants will be able to discern what he is claiming and to frame a responsive pleading.

Plaintiff is hereby ordered to restate his Complaint and set forth a short and plain statement of each claim showing that he is entitled to relief. He must clearly specify:

(1) which cause or causes of action are asserted against each Defendant;

(2) what factual allegations form the basis of each claim against each Defendant;

(3) the legal theory upon which he asserts liability against each Defendant.

In other words, Plaintiff should explain in his restated Complaint what laws Plaintiff contends each Defendant violated, how each Defendant violated those laws, and what relief Plaintiff seeks for the alleged violations. Plaintiff should be sure to include a concise statement specifying how the allegations regarding a "transportation scam," "compelled commerce" and "compelled

5

political/religious affiliation" relate to his § 1983 claims and/or give rise to separate claims, and he should include a concise statement explaining the basis for his claim related to the maintenance of judicial records. Plaintiff should also specify what "state court proceeding" he is seeking to have enjoined. Finally, Plaintiff should explain what acts of each Defendant he seeks to enjoin with his request that Defendants "be enjoined from interfering with [Plaintiff's] right to travel[,] from interfering with him as a means of extortion to get him to engage in transportation in 'this state' against his own desire and discretion[, and] from criminally violating him as a means of extortion to get him to become a member of 'church of STATE OF GEORGIA.'" (Compl. ¶ 111.) Plaintiff's restated Complaint is due on or before **May 28, 2010.**

### CONCLUSION

For the reasons set forth above, Defendants' Motions for a More Definite Statement (Docs. 14, 16) are granted. Plaintiff is ordered to file his restated Complaint on or before May 28, 2010. Plaintiff's failure to file a properly restated Complaint by this deadline could result in the dismissal of Plaintiff's Complaint.


IT IS SO ORDERED, this 11th day of May, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

6